**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chadwick Devries, | No. CV-25-08151-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Association of Realtors, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion to Remand (Doc. 11, Mot.), to which Defendant Arizona Association of REALTORS® ("AAR") filed a Response (Doc. 12, Resp.) and Plaintiff filed a Reply (Doc. 13, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Plaintiff's Motion to Remand.

**I.   BACKGROUND**

Plaintiff Chadwick Devries initially filed this action in Yavapai County Superior Court on May 14, 2024, against Defendants AAR, M. Faye Humphrey, Matthew Howard, Jamie Lynn Hines, and Timothy Vest (collectively "AAR Defendants"). Plaintiff alleged claims of breach of contract against AAR and tortious interference with contract against the individual Defendants. (Doc. 1-1 at 2–25, Verified Compl. ¶¶ 71–89.)

Plaintiff then filed a Motion for Leave to File First Amended Complaint seeking to include two additional causes of action for violation of Plaintiff's First Amendment rights and conspiracy to violate Plaintiff's First Amendment rights (Doc. 1-4 at 56–57, Ex. O),

1   which the Superior Court denied. (Doc. 1-7 at 45–47, Ex. uu.) On April 14, 2025, Plaintiff
2   filed another Motion for Leave to File First Amended Complaint ("Motion for Leave")
3   (Doc. 1-8 at 2–6, Ex. YY, Mot. for Leave), which the Superior Court granted. Plaintiff then
4   filed his First Amended Verified Complaint on June 16, 2025, which added Defendant
5   Prescott Area Association of Realtors, Inc. ("PAAR") and alleged additional claims of
6   violation of Plaintiff's Due Process rights against AAR and conspiracy to violate Plaintiff's
7   Due Process rights against all Defendants. (Mot. for Leave Ex. 1, FAVC.)

8         On July 11, 2025, PAAR removed this action with the consent of all Defendants
9   pursuant to 28 U.S.C. § 1446 (Doc. 1, PAAR Notice of Removal), and AAR later filed a
10  Joinder in the Notice of Removal of State Court Action to Federal Court (Doc. 6-12 at 2–
11  3). Additionally, on July 16, 2025, the AAR Defendants filed a Separate Notice of
12  Removal. (Doc. 6, AAR Notice of Removal.) On August 1, 2025, Plaintiff filed the present
13  Motion to Remand, arguing that AAR's removal is untimely under 28 U.S.C. § 1446(b),
14  which requires that a notice of removal be filed within 30 days after receipt of the initial
15  pleading or an amended pleading, motion, order, or other paper triggering removal, and
16  that this Court lacks subject matter jurisdiction over the removed case. (Mot. ¶¶ 9–12.)

17  **II.    LEGAL STANDARD**

18        Federal courts may exercise removal jurisdiction over a case only if subject matter
19  jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116
20  (9th Cir. 2004). The removing party is required to provide a signed notice of removal that
21  contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The
22  removing party carries the burden of establishing subject matter jurisdiction, and doubts
23  about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v.*
24  *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). A plaintiff may
25  seek to have a case remanded to the state court from which it was removed if the district
26  court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).
27  The district court must remand the case if it appears before final judgment that the court
28  lacks subject matter jurisdiction. *Id.*

## III. ANALYSIS

### A. PAAR's Removal

In the FAVC, Plaintiff added claims against a new Defendant, PAAR, which properly removed the case to this Court with the consent of all Defendants as provided in 28 U.S.C. § 1446(b). (PAAR Notice of Removal.) Plaintiff does not dispute that PAAR's removal was proper, but in his Motion, he proposes to drop his claims against PAAR, which he contends without citation to any legal authority would compel the Court to remand this matter. (Mot. ¶ 8.) For several reasons, that contention has no merit. The Court considers the propriety of a removal based on the pleadings filed in state court at the time the case is removed. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). According to Plaintiff's own claims in the FAVC, PAAR was a named Defendant at the time it removed this case, and indeed it remains a named Defendant in this case. Plaintiff's subsequent dismissal of PAAR as Defendant would not change the propriety of PAAR's concededly proper removal of this case, except in limited circumstances where PAAR's dismissal would leave the Court without subject matter jurisdiction. And, as discussed more fully below, Plaintiff has raised a federal question against both PAAR and the AAR Defendants in the FAVC, so PAAR's dismissal would change nothing with regard to the Court's subject matter jurisdiction. Because PAAR's removal was proper and with the consent of all served Defendants at the time of removal, the Motion to Remand fails.

### B. Timeliness of AAR's Removal

Even in Plaintiff's hypothetical scenario in which he had never named PAAR as Defendant in the FAVC, the AAR Defendants' removal of this case—both in their stipulation to PAAR's removal on July 11, 2025 and in their own Notice of Removal on July 16, 2025—was timely. Plaintiff contends that AAR's removal was untimely under 28 U.S.C. § 1446(b) because the 30-day time limit to file the Notice of Removal began when he filed his Motion for Leave. (Mot. ¶ 9.) In response, the AAR Defendants argue that the 30-day time limit began when Plaintiff filed his FAVC, and the AAR Defendants therefore filed their Notice of Removal in a timely manner. (Resp. at 4–5.)

Section 1446(b)(3) provides that if an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). Plaintiff cites no authority or precedent to demonstrate that the 30-day window begins running at the time the Motion for Leave is filed. Rather, courts have consistently held that a complaint does not become removable until the amended complaint becomes operative. *See, e.g.*, *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133 (9th Cir. 2017) ("Because the focus remains on whether the *case* 'is or has become removable,' counsel's clairvoyant sense of what actions a plaintiff might take plays no role in the [removal] analysis."); *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) ("[T]he time limit [to remove] begins to run from the actual and effective amendment of the complaint"); *Cristobal v. Morrison*, No. CV-19-02743-PHX-DWL, 2019 WL 1966440, at *1 n.1 (D. Ariz. May 1, 2019) ("[E]ven when a plaintiff files a motion to amend a complaint to add federal claims, removal is arguably inappropriate before the motion is granted and the amended complaint is filed.").

Therefore, the 30-day time limit began to run on June 16, 2025, the date of certificate of service of the FAVC. (Resp. Ex. A at 43.) The AAR Defendants stipulated to PAAR's removal on July 11, 2025 (PAAR Notice of Removal), filed their Joinder in Notice of Removal of State Court Action to Federal Court (Doc. 6-12 at 2–3) on July 13, 2025, and filed their own Notice of Removal on July 16, 2025 (AAR Notice of Removal), all of which were within 30 days of receipt of the FAVC.

**C. Subject Matter Jurisdiction**

Plaintiff also contends that the Court does not have subject matter jurisdiction over his claims in the FAVC because state law is the only source of remedy. (Mot. ¶ 10.) He argues a "damages claim against a private trade organization for due process violations" is based solely on state court precedent. (*Id.*) The AAR Defendants argue in response that Plaintiff's claims regarding violations of and conspiracy to violate his Due Process rights under the

Fourteenth Amendment pursuant to 42 U.S.C. § 1983 invokes federal question jurisdiction. (Resp. at 5–8.)

The federal question jurisdiction statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by *exclusive reliance on state law*." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added).

The FAVC, on its face, clearly establishes claims under the Constitution and federal statutory law. Plaintiff specifically enumerates claims under *both* the state and United States Constitutions, not exclusively under state law. Even assuming the *Blende* cases are limited in scope to claims under the state constitution, Plaintiff still seeks relief under Section 1983, which Congress intended "to provide a federal forum for the vindication of federal rights." *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003). Indeed, Plaintiff's FAVC differs from the initial complaint expressly because of the addition of federal Due Process claims. While an element of the claim may utilize state law, that does not preclude this Court from having subject matter jurisdiction. *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 377 (1998). Plaintiff, in the FAVC, relies heavily on Supreme Court precedent to contend liability under Section 1983 against the AAR Defendants. Plaintiff cannot now claim that his claims are predicated solely on state law to try to avoid removal.

Additionally, even where a claim finds its origins in state rather than federal law, the Supreme Court has "identified a special and small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal quotations omitted). To find federal question jurisdiction within state law claims, the Court asks: "Does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally

- 5 -

1  approved balance of federal and state judicial responsibilities?" *Id.* (internal quotations
2  omitted). Here, even if the Court must rely on state court precedent to determine whether
3  AAR (or PAAR) are "quasi-governmental entities," it must next determine if such
4  Defendants' actions were a violation of Plaintiff's federal Due Process rights, which
5  necessarily raises a stated federal question.

6  **IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Remand
7  (Doc. 11).

8  Dated this 23rd day of September, 2025.

                                                          _____
                                                          Honorable John J. Tuchi
                                                          United States District Judge