**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chadwick Devries,

Plaintiff,

v.

Arizona Association of Realtors, *et al.*,

Defendants.

No. CV-25-08151-PCT-JJT

**ORDER**

Before the Court is Defendant Arizona Association of Realtors' (AAR) Motion for Leave to Amend Answer (Doc. 28, Mot.), to which Plaintiff has responded (Doc. 31, Resp.), and AAR replied (Doc. 33, Reply.)

## I. BACKGROUND

This action began in Yavapai Superior Court on May 15, 2024 with the filing of Plaintiff's Verified Complaint. (Doc. 1-1 at 2–25, Compl.) In broad strokes, the dispute centers around AAR's reprimand of Plaintiff regarding complaints about his behavior that purportedly violated Standard of Practice 10-5—one of many standards of practice that accompanies a code of ethics that Plaintiff and other relators must follow. (*See* Compl.)

As relevant here, Plaintiff alleged that the "Standard of Practice 10-5 . . . is merely illustrative. The text of Standard of Practice 10-5 ambiguously reads as follows: REALTORS® must not use harassing speech, hate speech, epithets, or slurs based on race, color, religion, sex, disability, familial status, national origin, sexual orientation, or gender identity . . ." (Compl. ¶ 32 (internal citation omitted).) In answering the original Complaint,

AAR "denie[d] that Standard of Practice 10-5 is merely illustrative or ambiguous." (Doc. 1-4 at 47 ¶ 32.)

Later, the state court permitted Plaintiff to file a First Amended Verified Complaint that restated the same allegation in paragraph 33. (Doc. 1-8 at 8–48, ¶ 33.) The action was then removed to this Court on July 11, 2025. (Doc. 1.) Two weeks later, AAR filed its Answer to Plaintiff's First Amended Verified Complaint and admitted paragraph 33. (Doc. 8, Ans., ¶ 33.) On December 9, 2025, the Court entered its Scheduling Order and, as of the date of this Order, the deadline for motions to amend pleadings and to complete fact discovery passed but all other deadlines remain open. (Doc. 24.)

## II. LEGAL STANDARD

The decision to grant or deny a motion to amend is within the trial court's discretion, but Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend shall be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted). That policy is subject to limitations, though. Leave to amend is not appropriate if the amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) is futile; (4) is the result of a repeated failure to cure deficiencies by amendments previously allowed; or (5) creates undue delay. *Foman,* 371 U.S. at 182. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight" and "absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of demonstrating that leave to amend is inappropriate. *Id.*

. . .

. . .

## III. ANALYSIS

AAR moves for leave to make two changes to its Answer: (1) clarify one of its affirmative defenses; and (2) change its qualified admission of paragraph 33 to a denial. (Mot. at 2.) Plaintiff does not suggest that AAR has amended before, or that the proposed amendment would be futile, so those two factors militate in favor of permitting an amendment. Plaintiff objects only to the second change on the grounds that amendment would cause him prejudice, is sought in bad faith, and creates undue delay. The Court turns to the disputed factors, beginning with prejudice.

### A. Prejudice

"Prejudice to the opposing party is the most important factor" of a Rule 15(a) analysis. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). The prejudice must be substantial, such as reopening discovery on a new legal claim or theory or the inclusion of an "independent claim that catches the opposing party off guard after dispositive motions have been filed." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021). "But when discovery is ongoing and there is no unfair surprise . . . neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Id*.

Plaintiff argues that amendment would prejudice him because he would have to pursue additional discovery on "AAR's position on whether SOP 10-5 is 'merely illustrative,' what 'accompanying' materials exist, and what AAR 'approved' or 'published' in connection with [the code of ethics]." (Resp. at 8.) If paragraph 33 had been the only allegation of Plaintiff's amended pleading asserting that the Standard of Practice 10-5 was "illustrative" or "ambiguous," the Court might have agreed with him. But, as AAR points out, other paragraphs of AAR's Answer also dispute the purported illustrative and ambiguous nature of the Standard of Practice policies, including the one at issue here. (Reply at 3; Ans. ¶¶ 36, 40, 42.) AAR's other denials provided Plaintiff with adequate notice of the disputed issues and a full opportunity to discover information that captures

paragraph 33 as if it had been denied in the first place. There is no prejudice to Plaintiff by permitting AAR to amend paragraph 33 to reflect what had already been denied in other relevant parts of the Answer. This factor weighs in favor of allowing an amendment.

**B. Bad Faith**

"Absent complete futility or prejudice, the [party opposing the amendment] must make a 'strong showing' of undue delay and dilatory motive to rebut the 'presumption under Rule 15(a) in favor of granting leave to amend.'" *Carvajal v. Clark Cnty.*, 539 F. Supp. 3d 1104, 1120 (D. Nev. 2021) (quoting *Eminence Cap.*, 316 F.3d at 1052). Bad faith can be evidenced by gamesmanship, such as amending a pleading to destroy jurisdiction of the court. *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). But where the moving party provides "a satisfactory explanation" for its delay and there is "no evidence in the record [that] would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith." *Id*.

AAR contends that its counsel sent a draft of its Answer to the amended pleading reflecting a denial of paragraph 33 and, once approved, counsel filed the Answer that day. (Mot. at 3.) "[D]ue to a still unidentified clerical or electronic error," the Answer that was filed on the record admitted, not denied, paragraph 33. (Mot. at 3.) AAR submits the declaration of its counsel who avows as much. (Doc. 28-1.)

Plaintiff argues that AAR's conduct amounts to a "tactical reversal" of its admission and is done in bad faith. (Resp. at 8.) Plaintiff points out that AAR previously denied the allegation so it must have known "precisely what this allegation was, understood its significance, and previously took the denial position it now seeks to restore." (Resp. at 6.) AAR contends that it has provided as much explanation for the error as it can and avows that the draft its counsel sent contained a denial but what happened between AAR's approval of the draft and filing is a mystery.

The Court agrees with Plaintiff that AAR's explanation for the error is "thin," but does not accept that the filing was done in bad faith. AAR's Answer to the original Complaint had denied the equivalent of paragraph 33. AAR has also denied other

allegations similarly attacking the nature of Standard of Practice 10-5 in its Answer to the original and amended Complaint. This pleading practice shows that AAR consistently contested Plaintiff's characterization that the Standard of Practice 10-5 was illustrative and ambiguous and dispels any finding of bad faith or "gamesmanship" as Plaintiff contends. This factor weighs in favor of allowing an amendment.

**C. Undue Delay**

In assessing undue delay, courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding undue delay where a party asserted a different legal theory fifteen months after discovering facts relevant to that theory).

Plaintiff argues that the amendment causes undue delay because AAR waited until February 3, 2026—over six months after it filed its Answer to the amended pleading—to seek an amendment. (Resp. at 7.) In response, AAR argues that it moved to amend "promptly after discovering" the error and before the time to amend pleadings expired. (Reply at 4.) AAR does not provide any details about its discovery of the error or contest that it could have, and perhaps should have, discovered the error earlier.

That delay, however, does not appear to impact discovery efforts. While fact discovery has already closed, the parties have had a full opportunity to explore AAR's dispute regarding the illustrative or ambiguous nature of its Standards of Practice. All other discovery deadlines have not yet passed, and Plaintiff does not provide any clear examples of how that discovery would be impacted by allowing an amendment. While this factor weighs slightly against an amendment, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187.

**D. Plaintiff's Requests**

In closing his response, Plaintiff requests certain safeguards in the event the Court grants AAR leave to amend paragraph 33. (Resp. at 9–10.) The Court declines to prematurely pronounce whether AAR's earlier admission is admissible as impeachment

evidence. As to whether additional discovery or changes to the case management schedule are warranted, the parties are expected to properly move the Court for such relief and set forth the law and reasons for that relief.

**IT IS ORDERED** granting Defendant Arizona Association of Realtors' Motion for Leave to Amend Answer (Doc. 28).

**IT IS FURTHER ORDERED** that Defendant Arizona Association of Realtors shall file a clean copy of its Amended Answer to Plaintiff's First Amended Verified Complaint (Doc. 28-2) on the docket as a standalone entry no later than **seven (7) days** from the date of this Order.

Dated this 21st day of August, 2026.

Honorable John J. Tuchi
United States District Judge